## 20121

In the Matter of Daniel Q. TOWLES, III, Respondent.

(220 S. E. (2d) 646)

*Messrs. Daniel R. McLeod, Atty. Gen.,* and *A. Camden Lewis* and *Richard B. Kale, Jr.,* of Columbia, *for Complainant.*

*Respondent not represented by Counsel.*

December 3, 1975.

*Per Curiam:*

This disciplinary proceeding is before us on a rule ordering the respondent, Daniel Q. Towles, III, an attorney admitted to practice law in this State, to show cause why the report of the Board of Commissioners on Grievances and Discipline should not be confirmed and why a disciplinary order should not be issued.

This matter arose from a complaint issued by the Secretary of the Board of Commissioners on January 14, 1975. Towles answered this complaint on February 10, 1975. Thereafter, an amended complaint charging additional acts of misconduct was filed on May 27, 1975. Efforts to personally serve Towles with the amended complaint were unsuccessful, and service was accomplished under Section 21 of the Rule on Disciplinary Procedure. Towles did not answer the amended complaint and has not appeared at any

proceeding, including the hearing before us on November 12, 1975, on the disciplinary matter. The record of the panel hearing contains the necessary proof of service as well as evidence of additional efforts made to locate Towles.

The panel made the following findings of fact:

1. Towles had plead *nolo contendere* to an indictment in the Court of General Sessions for Richland County for failure to file South Carolina state income tax returns for the year 1970, was sentenced, and paid a fine of $3,000.00.

2. Towles had received and appropriated clients' funds to his own use, and co-mingled these trust funds with his own personal funds, and had failed and neglected to properly account for the monies belonging to these clients.

3. Towles had failed to properly perform legal services for clients, after having been retained by these clients to do so, and having been paid substantially in some cases.

The panel's report was reviewed by the full Board of Commissioners on August 27, 1975, and it recommended that Towles be disbarred. The findings and recommendation are fully warranted by the record before us and are confirmed.

On August 29, 1975, the Charleston County Bar Association petitioned the Charleston County Court for an order directing the Sheriff of Charleston County to take possession and custody of the files of the clients of Towles for safe-keeping until further order of the court as to disposition. The petition alleged that the files were in jeopardy of being lost or destroyed due to the eviction of Towles from the law offices he formerly occupied. The Charleston County Court issued an order on August 29, 1975, granting the relief requested in the petition.

Accordingly, the respondent, Daniel Q. Towles, III, is hereby disbarred from the practice of law in this State. He shall within five (5) days of the service of this opinion upon him surrender his certificate of admission to practice law to

the Clerk of Court for cancellation. The Board of Commissioners, or some person designated by it, is hereby empowered and directed to take custody and possession of the files of the clients of Towles and to make proper and orderly distribution of them to the rightful owners.